**UNITED STATES of America, Petitioner,**

v.

**1,616.97 ACRES OF LAND, MORE OR LESS, Situate IN JOHNSON COUNTY, State of IOWA, and Carl Roup, et al., Defendants.**

**Civ. No. 1-264.**

United States District Court
S. D. Iowa, Davenport Division.
March 23, 1955.

Roy L. Stephenson, U. S. Atty., and John C. Stevens, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff.

D. C. Nolan, William M. Tucker, and F. B. Olsen, Iowa City, Iowa, for defendants.

RILEY, District Judge.

This action is brought by the United States of America as petitioner in the exercise of its sovereign power of eminent domain and in connection with the construction of the Coralville Reservoir Project, Iowa River, Iowa, as one unit in the general comprehensive plan for flood control and other purposes in the Upper Mississippi River Basin and for such other uses as may be authorized by Congress or by Executive Order. The quantity of land here in question is but a part of more than 34,000 acres, consisting of several hundred separate tracts, involved and to be involved in the taking for such purposes. In this connection the petitioner in this and other actions has joined many separate pieces of property, in the same and different ownerships and for different purposes involving the taking of the full fee simple title, or of flowage easements and of such rights as may be essential to the accomplishment of the project above described.

The court finds there is no tribunal constituted by an Act of Congress governing the trial of the issue of just compensation for the lands here involved and the rights taken.

In this suit requests for jury trial have been filed by landowners of the above tracts affected by the proceedings as well as by the United States. The requests have been heard upon written briefs submitted at the court's request by counsel. The same requests were orally argued by the same counsel in connection with different tracts related to

this project, involving identical issues and differing in kind and substance only as to the docket number of another cause. The normal progress of this reservoir project may be expected to involve the future institution of other proceedings for the like taking of other tracts in greater or lesser number, which, as in the past, in all likelihood will demand again the consideration of this identical question. Therefore, in more than considerable detail the court has examined the record in this matter at bar, has carefully reviewed the previous and present statements and argument of the parties, and has considered scrupulously the situation relative to the extent of just compensation to be paid to the many owners for the taking of their lands by the Government, and now being fully advised, makes the following additional findings:

(1) That there is involved in this immediate proceeding as filed in excess of 1,600 acres of land in 18 separate tracts or parcels with many different owners whose right to just compensation must be separately proved and determined as to each tract, although consolidations for trial are permitted under Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.;

(2) That the land is located and that most of said landowners reside at a considerable distance from the place of trial and there would result consequent hardship and expense for travel and maintenance necessary to attend jury trials for litigants, counsel and witnesses;

(3) That the acreage of the tracts involved varies from a fractional (0.59) part of an acre to 207 acres in extent and that some of the tracts and the value thereof are so inconsiderable relatively as to make the cost of the trials of the issues of just compensation so disproportionate as to place some landowners at such great disadvantage in the attempted protection of their rights as, in effect, to deprive them of the fruits of a successful result;

(4) That it is expensive, difficult and impracticable to transport juries such a distance from the place of trial to view the premises in question;

(5) That the trial of the issue of just compensation for the number of such tracts, whether consolidated in one or several actions, would place such an excessive burden on the time of the court in relation to the demands of its business in this and other divisions of this District as to affect adversely the rights and proper demands of other litigants in this District; and

(6) That the character, location and quantity of the property to be condemned, and other reasons in the interest of justice and expedition, require that the issue of just compensation herein shall be determined by a commission of three persons to be appointed by the court as permitted under Rule 71A of the Federal Rules of Civil Procedure.

It is therefore ordered—1. That all future proceedings in this action shall be in accordance with Rule 71A of the Federal Rules of Civil Procedure which became effective on August 1, 1951.

2. That there being no tribunal specially constituted by an Act of Congress governing these proceedings for the trial of the issue of just compensation as contemplated by subparagraph (h) of said Rule 71A, and for the reasons heretofore stated, the issue of just compensation as to the tracts in question herein shall be determined by a commission of three persons to be appointed by this court.

3. That such commission as and when appointed shall have the powers and its proceedings in this action shall be conducted in accordance with subparagraph (h) of Rule 71A of the Federal Rules of Civil Procedure.

4. That the Clerk shall cause a copy of this order to be mailed, in accordance with Rule 71A(e) to the said movants

and to each defendant who has served or hereafter may serve a notice of appearance designating the property in which he claims to be interested, and to the plaintiff or other party whose interest appears of record in this court.